IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FIRSTMERIT BANK, N.A.,

                              Plaintiff,

     v.

PATRICIA ANN KOENIG,,

                              Defendants.

OPINION AND ORDER

13-cv-534-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendants Patricia Ann Koenig, Timothy A. Koenig, Jill M. Koenig, Timothy A. Koenig, LLC, and the Patricia Ann Koenig Revocable Trust dated October 28, 1998 (for itself and on behalf of Patricia Ann Koenig in her capacity as trustee), have moved to dismiss the complaint filed by plaintiff FirstMerit, N.A. Defendants contend that the allegations of the complaint fail to state a plausible claim on plaintiff's behalf. They say that plaintiff has not shown that is entitled to enforce the debt on which it is suing, which is a debt owed to Citizens Bank by an entity known as "K-Care" and guaranteed by defendants.

      Although plaintiff maintains that it can sue on the debt because it is a survivor of a merger in which Citizens Bank was merged into plaintiff, defendants dispute its standing. They argue that plaintiff must show that the merger included an enforceable transfer of the debt obligations alleged in the complaint, not just that plaintiff was a party to a merger with Citizens Bank.

1

All that plaintiff alleged on this issue in its complaint is that it is a survivor of a merger with Citizens Bank. Dkt. #1, at 4. In its brief in opposition to defendants' motion, it says that mergers such as the one it entered into with Citizens Bank are subject to the National Bank Consolidation and Merger Act and that the applicable statute makes it clear that the survivor of a merger is deemed "to be the same corporation as each bank or banking association involved in the merger," 12 U.S.C. § 215(e), with the right to enforce the loans and loan documents of the predecessor bank. Had it included such an allegation in its original complaint, defendants might not have brought their motion.

However, defendants point out one more deficiency: the applicable statute authorizes transfers of interests between banks only when the merger meets certain requirements under 12 U.S.C. § 1831u. Plaintiff has not alleged that its merger with Citizens Bank necessarily resulted in the transfer of the relevant documents.

Defendants' motion will be granted, but I will give plaintiff an opportunity to file an amended complaint. Plaintiff may have until February 14, 2014 to do so.


ORDER

IT IS ORDERED that the motion of defendants Patricia Ann Koenig, Timothy A. Koenig, Jill M. Koenig, Timothy A. Koenig, LLC, and the Patricia Ann Koenig Revocable Trust dated October 28, 1998 (for itself and on behalf of Patricia Ann Koenig in her capacity as trustee), to dismiss plaintiff's complaint is GRANTED. Plaintiff may have until February

2

14, 2014 to file an amended complaint.

Entered this 3d day of February, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge