IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FIRSTMERIT BANK N.A.,

                Plaintiff,                      OPINION & ORDER

  v.

                                                  13-cv-534-jdp

PATRICIA ANN KOENIG,
TIMOTHY A. KOENIG,
JILL M. KOENIG,
TIMOTHY A. KOENIG, LLC,
PATRICIA ANN KOENIG, in her capacity
as Trustee of the Patricia Ann Koenig Revocable
Trust Dated October 28, 1998, and
PATRICIA ANN KOENIG REVOCABLE
TRUST DATED OCTOBER 28, 1998,

                Defendants.

---

      This case arises out of two loans that Citizens Bank made to "K" Care, Inc., which were guarantied by the defendants, and secured by collateral pledged by "K" Care itself and two of the defendants. Citizens Bank has since merged into FirstMerit Bank N.A., the plaintiff. "K" Care has defaulted on the loans, and now FirstMerit wants to get paid back.

      FirstMerit has filed two lawsuits in its collection effort. In a state court suit filed in Vilas County, Wisconsin, FirstMerit sued "K" Care, the Patricia Ann Koenig Revocable Trust Dated October 28, 1998 (the Trust), and Timothy A. Koenig, LLC seeking foreclosure and replevin of the collateral pledged by the defendants in that case. In this case, FirstMerit seeks to enforce the guaranties made by the defendants identified in the caption.

      Before the court are the defendants' motion for dismissal or abstention, Dkt. 15, and FirstMerit's motion for summary judgment, Dkt. 20. The defendants have not demonstrated that the state and federal cases are sufficiently parallel to warrant abstention, so the court will

deny their motion. FirstMerit has shown that there is no genuine dispute of fact that the guaranty agreements are enforceable against the defendants, so the court will grant that motion.

## UNDISPUTED FACTS

The material facts are not in dispute. Indeed, the defendants admit most of the factual allegations in FirstMerit's amended complaint, Dkt. 15, and have not submitted any brief in opposition or proposed findings of fact to FirstMerit's motion for summary judgment.

"K" Care is a Wisconsin corporation that appears to be in the business of owning and operating residential care facilities. In July 2008, "K" Care borrowed more than $2,000,000 from Citizens Bank, and in January 2012, it borrowed an additional $60,000. Both loans were evidenced by promissory notes. Dkt. 14-1 and Dkt. 14-2. Timothy A. Koenig, LLC and the Trust secured both of the loans at issue with mortgages on three properties they owned; "K" Care offered as collateral its personal property, including its accounts receivable; and the Trust offered as collateral its equipment, furniture, and fixtures. Neither the mortgages nor the collateral are directly at issue in this case.

Instead, this dispute is about the personal guaranties that defendants Patricia and Timothy Koenig executed for "K" Care's obligations, Dkt. 14-3 and Dkt. 14-4, as well as guaranties they executed on behalf of, respectively, defendants Patricia Ann Koenig Revocable Trust Dated October 28, 1998, and Timothy A. Koenig, LLC, Dkt. 14-6 and Dkt. 14-5. Each agreement provided that the guarantor "absolutely and unconditionally guarantees full and punctual payment and satisfaction of the Indebtedness of ["K" Care] to [Citizens Bank]." The agreements also specified that Citizens Bank could enforce the guaranties against each defendant even when Citizens Bank had not exhausted its remedies against anyone else obligated to pay the indebtedness or against any collateral securing the indebtedness. Finally,

the agreements confirmed that the defendants would pay all of Citizens Bank's costs of collection, including attorney's fees. Citizens Bank eventually merged into FirstMerit.

Both notes matured on July 15, 2013. But "K" Care failed to pay the amounts due. FirstMerit brought this case against the defendants, seeking repayment of the loans through enforcement of the defendants' guaranties. FirstMerit also filed a separate suit in the Circuit Court for Vilas County, Wisconsin, case number 13-cv-197. That suit named "K" Care, Timothy A. Koenig, LLC, and the Trust (with Patricia Koenig in her capacity as trustee) as defendants, and sought monetary judgment against "K" Care, foreclosure against Koenig, LLC and the Trust, and replevin of collateral from the Trust. The state court entered summary judgment for FirstMerit on May 6, 2014.

The plaintiff is a citizen of Ohio; the defendants are citizens of Wisconsin. The parties are completely diverse and the amount in controversy exceeds $75,000. Accordingly, this court has diversity jurisdiction under 28 U.S.C. § 1332.

OPINION

Two motions are before the court and ripe for consideration. The first is the defendants' motion for dismissal or abstention, and the second is FirstMerit's motion for summary judgment.

**A. Abstention is not appropriate in this case.**

The defendants premise their motion for abstention on the fact that FirstMerit has filed a related proceeding in Wisconsin state court. This type of abstention—often referred to as *Colorado River* abstention—touches on considerations of comity and urges federal courts to "stay a suit and await the outcome of parallel proceedings as a matter of 'wise judicial administration,

giving regard to the conservation of judicial resources and comprehensive disposition of litigation.'" *Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999) (citing *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976)). However, "the mere fact that an action is pending in state court is ordinarily no bar to parallel federal proceedings" and federal courts "treat as paramount the overriding rule that *abstention is the exception*," not the norm. *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004) (emphasis added) (internal citations omitted).

The Seventh Circuit has provided a two-step framework for determining whether a stay is appropriate. "First, the court must consider whether the concurrent state and federal actions are actually parallel . . . . Then, once it is established that the suits are parallel, the court must consider a number of non-exclusive factors that might demonstrate the existence of 'exceptional circumstances.'" *Id.* (internal citations omitted). If the party seeking abstention fails to convince at either step, the federal court will not stay the case.

At the first step of the analysis, the defendants must show that the two cases are parallel by demonstrating that "substantially the same parties are litigating substantially the same issues simultaneously in two fora." *Finova Capital Corp.*, 180 F.3d at 898 (7th Cir. 1999). To meet their burden, the defendants assert that this case is parallel to the state case because there is overlap in the subject matter at issue and in the parties to the dispute. They note that two suits need not be identical as to parties, claims, or remedies to qualify as parallel. Ultimately, however, the court disagrees that these two cases are similar enough to warrant abstention.

It is true that both cases start from "K" Care's liability to FirstMerit for defaulting on the same two loans. It is also true that the same plaintiff has brought both suits and at least some of the defendants in this case will participate in the state case, either as defendants or as witnesses. But the suits are not parallel in the requisite sense. The touchstone of this court's inquiry into

4

whether two suits are parallel is "a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011) (internal citations omitted). No such likelihood exists here as FirstMerit is asserting the defendants' liability for completely different sets of promises in each case. In the state case, FirstMerit seeks foreclosure and replevin based on agreements that *secured* the loans it made to "K" Care. In contrast, the federal case seeks to enforce different agreements that *guaranteed* "K" Care's repayment of the loans. Although successful recovery in one case may reduce or eliminate FirstMerit's right to recover in the other case, neither court is poised to adjudicate or impose liability for agreements that are before the other tribunal.

    The only real issue that the state court could resolve that would dispose of FirstMerit's claims in this case is whether some affirmative defense excuses "K" Care's failure to repay the loans. But the defendants would have to convince this court that there is a "substantial likelihood" that the state court will find in their favor on such a defense. They fall short of this high bar, alleging only that "[i]t is entirely possible that this court and the state court may reach inconsistent conclusions, potentially leaving the guarantors liable for a different amount than is determined to be owed by the primary obligor." Dkt. 15, at 4. This speculation about what the state court might ultimately conclude does not satisfy the "substantial likelihood" requirement. The defendants offer only conjecture as to what the state court *could* do, which is insufficient. *See, e.g.*, *USWAY Corp. v. Wardzala*, No. 11-cv-7023, 2012 WL 138605, at *3 (N.D. Ill. Jan. 18, 2012) ("[A]nticipation of the outcome in the state court is not enough to justify abstention.") (internal citations omitted); *Fofi Hotel Co. v. Davfra Corp.*, 846 F. Supp. 1345, 1352 (N.D. Ill. 1994) ("As the guaranty explicitly states that it is not dependent on the validity of the note . . . the [state] action and the federal action are not parallel as there is not a substantial likelihood that the state litigation will dispose of all claims presented in the federal case.").

Any doubt about the weakness of the defendants' argument in support of abstention was resolved by the state court's entry of summary judgment in favor of FirstMerit. The state court concluded that "K" Care defaulted on its obligations, thus rejecting any affirmative defenses the defendants offered as to the enforceability of the notes. *See* Dkt. 32-2. Given that the state litigation has obviously *not* disposed of the claims FirstMerit brings in this court, the two proceedings are not parallel and abstention is inappropriate.

Even if the defendants were able to raise some doubt as to whether the state litigation could resolve the claims in this case, the court would have to resolve that doubt in favor of allowing FirstMerit to proceed. *Huon*, 657 F.3d at 646. This court has an "'unflagging obligation' to exercise the jurisdiction Congress has conferred," and the defendants have simply failed to offer enough to clear the high hurdle necessary for abstention. *Id.* at 649 (quoting *Colorado River*, 424 U.S. at 817).

Because the state court proceedings are not parallel to this case, the court will deny the defendants' motion for abstention. Given that the state and federal cases are not parallel, the court need not take up step two of the analysis and address the factors that determine whether this case presents "exceptional circumstances." *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001) ("If the actions are not parallel, the *Colorado River* doctrine does not apply.").

### B. FirstMerit is entitled to summary judgment.

FirstMerit has moved for summary judgment on all of its claims. Dkt. 20. The defendants have not opposed FirstMerit's motion for summary judgment, and the court will

therefore accept FirstMerit's proposed facts as undisputed.[1] Fed. R. Civ. P. 56(e)(2). The court will not, however, grant summary judgment simply because FirstMerit's motion is unopposed. "Even if the opposing party completely fails to respond to a summary judgment motion, Rule 56(e) permits judgment for the moving party only *if appropriate*—that is, if the motion demonstrates that there is no genuine issue of material fact *and* that the movant is entitled to judgment as a matter of law." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994) (original emphasis) (internal citations omitted). Thus, even though the defendants have not advanced their own legal theory of the case and the court will accept FirstMerit's proposed facts as admitted, the familiar summary judgment framework applies. FirstMerit contends it has satisfied all the prerequisites to collect under the guaranty agreements, and that there is no genuine dispute of fact that requires a trial. The court agrees and will enter summary judgment in FirstMerit's favor because FirstMerit is entitled to judgment as a matter of law.

Under Wisconsin law, which governs the guaranty agreements at issue in this case, a guaranty is a contract. *Harris v. Metro. Mall,* 112 Wis. 2d 487, 334 N.W.2d 519, 527 (1983). To enforce liability, FirstMerit must therefore bring a breach of contract claim, which requires a showing of three elements: "(1) the existence of a contract creating obligations flowing from defendant to plaintiff; (2) a breach of those obligations; and (3) damages from the breach." *Uebelacker v. Paula Allen Holdings, Inc.,* 464 F. Supp. 2d 791, 801 (W.D. Wis. 2006) (citing *Nw. Motor Car, Inc. v. Pope,* 51 Wis. 2d 292, 187 N.W.2d 200, 203 (1971)). As the party bringing the breach of guaranty claim, FirstMerit has the burden of proving all three elements. *FirstMerit Bank N.A. v. Weinkauf*, No. 13-cv-626, 2014 WL 1454232, at *2 (W.D. Wis. Apr. 14, 2014). Even had the defendants chosen to oppose the motion for summary judgment, they could not

---

[1] The defendants filed a motion to stay the briefing schedule for summary judgment, but the court denied that motion and explicitly reminded defendants that their brief in opposition was due April 4, 2014. Dkt. 26.

dispute the validity of the guaranty agreements nor the damages FirstMerit would suffer from a breach, and the court sees no reason to question the existence of the first and third elements for a breach of contract. As discussed above, FirstMerit has sufficiently alleged its compliance with federal laws and regulations to satisfy the court that its merger with Citizens Bank transferred the right to enforce the guaranty agreements.

The only remaining issue, therefore, is whether there is a dispute that the defendants breached their guaranty agreements. FirstMerit directs the court to the material terms of each agreement, Dkt. 14-3, Dkt. 14-4, Dkt. 14-5, and Dkt. 14-6, which are identical.[2] The first relevant section provides that:

> This is a guaranty of payment and performance and not of collection, so Lender can enforce this Guaranty against Guarantor even when Lender has not exhausted Lender's remedies against anyone else obliged to pay the Indebtedness or against any collateral securing the Indebtedness, this Guaranty or any other guaranty of the Indebtedness. Guarantor will make any payments to Lender or its order, on demand, in legal tender of the United States of America, in same-day funds, without set-off or deduction or counterclaim, and will otherwise perform Borrower's obligations under the Note and Related Documents.

Dkt. 14-3, at 1.

Wisconsin law distinguishes between "guaranties of payment" and "guaranties of collection." *Park Bank v. Westburg*, 2013 WI 57, ¶ 59, 348 Wis. 2d 409, 832 N.W.2d 539. FirstMerit argues that the defendants' guaranties are the former, which do "not condition liability upon the creditor exhausting remedies against the debtor [and place a] creditor . . . under no obligation to first seek collection from the principal debtor or any other guarantor." *Id.* ¶ 60. In contrast, guaranties of collection impose liability on the guarantor only "if the principal

---

[2] For convenience, the court will cite to Patricia Koenig's guaranty agreement, Dkt. 14-3, when quoting relevant language. Unless noted otherwise, the same language also appears in the agreements of the remaining defendants.

creditor cannot collect the claim with due diligence, generally following suit against the principal debtor." *Id.* ¶ 59. By their terms, the guaranties at issue in this case are guaranties of payment and allow FirstMerit to proceed against the defendants without first having to pursue collection from "K" Care or any other party who secured the loans. The only requirement this provision places on FirstMerit is the obligation to demand payment.

The second key provision in the guaranty agreements is the defendants' waiver of their right to defend against liability with "any defenses given to guarantors at law or in equity other than actual payment and performance of the Indebtedness." Dkt. 14-3, at 2. The waiver is important because under Wisconsin law, "the defenses available to a guarantor are grounded in the specific terms and conditions of the guaranty contract." *Park Bank*, 2013 WI 57, ¶ 62; *see also FirstMerit Bank N.A.*, 2014 WL 1454232, at *5 ("[A] guaranty of payment binds the guarantor to pay the debt according to the terms and conditions of the guaranty."). The terms of the agreement thus limit the defendants' available defenses to one: showing that "K" Care paid the debt.

Together, these two provisions set out exactly what facts FirstMerit must show to establish a breach of the defendants' obligations. Specifically, FirstMerit must demonstrate that: (1) "K" Care did not make payments due under the notes; and (2) FirstMerit demanded payment from the guarantors but they refused to pay. The undisputed facts confirm that both of these conditions are present. In their answer, the defendants admit that the notes "are in arrears and were not paid in full on July 15, 2013," Dkt. 16, at 8, and in support of summary judgment, FirstMerit has submitted a copy of the demand letter it sent to each of the defendants in this case, Dkt. 23-4, at 2. The court therefore concludes that there is no dispute that the defendants breached their obligations under the guaranty agreements.

Related to its claims for breach the guaranty agreements, FirstMerit also seeks a declaratory judgment allowing it to satisfy any award through the marital property of Timothy Koenig and his wife, Jill Koenig. As part of his guaranty agreement, Timothy Koenig signed a statement declaring that "this obligation is being incurred in the interest of Guarantor's marriage or family." Dkt. 14-4, at 3. Under Wisconsin law, such marital purpose statements are "conclusive evidence that the obligation to which the statement refers is an obligation in the interest of the marriage or family." Wis. Stat. § 766.55(1). When one spouse incurs an obligation in the interest of the marriage or family, that obligation may be satisfied "from all marital property and all other property of the incurring spouse." § 766.55(2)(b). Based on these statutes, FirstMerit argues that it is entitled to summary judgment on its claim for declaratory relief. The defendants offer nothing to suggest that FirstMerit misreads Wisconsin law, and the court agrees that FirstMerit may reach the marital property of Timothy and Jill Koenig to satisfy any judgment it receives in this case. *See FirstMerit Bank N.A.*, 2014 WL 1454232, at *3 n.1.

FirstMerit's complaint also seeks to recover its attorney's fees and costs of collection. "The decision to grant attorney's fees in a diversity action is controlled by state law." *Jackman v. WMAC Inv. Corp.,* 809 F.2d 377, 383 (7th Cir. 1987). In Wisconsin, "litigants must pay their own attorney fees unless there is a statute or enforceable contract providing otherwise." *Klemm v. Am. Transmission Co.,* 2011 WI 37, ¶42, 333 Wis. 2d 580, 798 N.W.2d 223. Here, FirstMerit directs the court to a provision of the guaranty agreements that requires the defendants to pay FirstMerit's "costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty." Dkt. 14-3, at 2. As the defendants do not dispute that the provision applies, the court will award FirstMerit its reasonable attorney's fees. *See FirstMerit Bank N.A. v. Weinkauf,* No. 13-cv-626, slip op. at 2 (W.D. Wis. May 1, 2014).

There is one final issue which the court must address before concluding that summary judgment is appropriate. In their answer, the defendants pled three affirmative defenses. Dkt. 16, at 11. The court need not decide whether the waiver provisions in the guaranty agreements foreclose these defenses because, ultimately, none of them have merit. The defendants first asserted that "[t]his action should be dismissed as duplicative because the same matters are being litigated in Wisconsin Circuit [C]ourt." *Id.* To the extent that this is an "affirmative defense," the court has already disposed of the question of abstention. The defendants next pled that FirstMerit "may have breached its duties of good faith and fair dealing as to the transactions alleged in the Complaint." In opposing a motion for summary judgment, however, a party "may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence." *Warsco v. Preferred Technical Grp.*, 258 F.3d 557, 563 (7th Cir. 2001). The record is devoid of any support for this defense, and a lone sentence in the defendants' answer is not enough to defeat summary judgment. Finally, the defendants suggested that FirstMerit "may not be entitled to enforce the obligations as alleged in this Complaint." Dkt. 16, at 11. This defense was to presumably attack FirstMerit's acquisition of Citizens Bank's rights, but the defendants can identify nothing in the record to contradict FirstMerit's assertion that the merger complied with federal statutes and regulations.

FirstMerit has identified undisputed facts showing that the defendants breached their guaranty agreements. Any affirmative defenses that the defendants may have planned on offering to avoid liability have since fizzled out and find no support in the record. FirstMerit is therefore entitled to judgment as a matter of law.

Several months have passed since FirstMerit first filed its motion. Therefore, the court will direct FirstMerit to submit within fourteen days of this order its final calculation of the

principal, interest, and late charges due under the guaranties, taking into account any payments it has received or otherwise satisfied as a result of the state court's summary judgment, and a calculation of its reasonable attorney's fees. The defendants may have seven days after receiving FirstMerit's calculations to respond to their accuracy. However, the court will not entertain any arguments from the defendants about FirstMerit's failure to prove entitlement to damages.

ORDER

IT IS ORDERED that:

1) Defendants' motion for abstention, Dkt. 15, is DENIED;

2) Plaintiff's motion for summary judgment, Dkt. 20, is GRANTED;

3) Plaintiff is directed to submit a calculation of the principal, interest, and late charges due under the guaranty agreements by July 1, 2014;

4) Plaintiff is directed to submit an itemization of its reasonable attorney's fees by July 1, 2014; and

5) Defendants may file a response to Plaintiff's damage calculation and claim for attorney's fees by July 8, 2014.

Entered this 17th day of June, 2014.

BY THE COURT:
/s/
JAMES D. PETERSON
District Judge