IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FIRSTMERIT BANK N.A.,

          Plaintiff,

v.

PATRICIA ANN KOENIG,
TIMOTHY A. KOENIG,
JILL M. KOENIG,
TIMOTHY A. KOENIG, LLC,
PATRICIA ANN KOENIG, in her capacity
as Trustee of the Patricia Ann Koenig Revocable
Trust Dated October 28, 1998, and
PATRICIA ANN KOENIG REVOCABLE
TRUST DATED OCTOBER 28, 1998,

          Defendants.

OPINION & ORDER

13-cv-534-jdp

---

      This case arises out of two loans that Citizens Bank made to "K" Care, Inc., which were guaranteed by the defendants, and secured by collateral pledged by "K" Care itself and two of the defendants. Citizens Bank has since merged into FirstMerit Bank N.A., the plaintiff. "K" Care defaulted on the loans, and FirstMerit brought this action to enforce the guaranties. On June 17, 2014, the court granted FirstMerit's motion for summary judgment, Dkt. 33, and awarded the bank its reasonable attorney's fees. FirstMerit has submitted its calculation of the principal, interest, and late charges for the underlying obligations, as well as an itemization of its attorney's fees. The court gave the defendants an opportunity to respond, and they have elected not to do so. The court therefore treats FirstMerit's calculation and itemization as unopposed. *See Landing v. Astrue*, No. 11-cv-404, 2013 WL 5567727, at *1 (N.D. Ind. Oct. 9, 2013); *Stemper v. Barnhart*, No. 04-cv-838, 2005 WL 1712458, at *1 (W.D. Wis. July 12, 2005).

      FirstMerit's submission is supported by the affidavit of Attorney Parins. Dkt. 34-1. The affidavit states the amounts due for both loans, including the principal, interest, and late

charges, and identifies the per diem interest that will continue to accrue on the loans. The affidavit also states that FirstMerit's attorneys spent 138.7 hours working on this case, and billed fees in the amount of $45,202.00. FirstMerit's attorneys also incurred $400.00 in costs.

FirstMerit's calculation for the past due amounts on the loans appears to be reasonable. Dkt. 34. The defendants have not opposed the calculation and the court sees no reason to award a different amount. FirstMerit is therefore entitled to judgment on the overdue principal, interest, and late charges of both loans combined, in the amount of $2,377,265.75. FirstMerit also states that the per diem interest that will accrue on these loans after June 30, 2014, is $622.18. Again, the court finds this calculation reasonable and will enter judgment accordingly.

FirstMerit's itemization of its attorney's fees, however, lacks a similar appearance of reasonableness. Under the lodestar method for calculating attorney's fees, "[t]he fee claimant bears the burden of substantiating the hours worked and the rate claimed." *Strange v. Monogram Credit Card Bank of Ga.*, 129 F.3d 943, 946 (7th Cir. 1997). This requires the claimant to: (1) identify a reasonable number of hours worked; and (2) multiply the hours by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In this case, FirstMerit's itemization is weakly supported because Parins's affidavit, Dkt. 34-1, does not affirm that the hours expended were reviewed for reasonableness, that the hourly rate is in line with the rate prevailing in the community, that he has personal knowledge of his firm's billing practices from which he can evaluate the reasonableness of the fee (or that someone else evaluated the reasonableness of the fee), or that the fees were actively billed and paid for by the client. If FirstMerit *had* so substantiated its attorney's fees, it may have been able to satisfy the court that the request for $45,202.00 in fees was reasonable, particularly in light of defendants' failure to oppose them. As it stands, however, the court must more closely evaluate FirstMerit's fee itemization for reasonableness.

The paragraph-style description of attorney's fees provided in Parins's affidavit is simply inadequate to carry FirstMerit's burden of showing the court that its fees are reasonable.[1] "When a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage." *Harper v. City of Chi. Heights*, 223 F.3d 593, 605 (7th Cir. 2000). After reviewing FirstMerit's itemization, the court is concerned about the number of hours billed in this case. FirstMerit's attorneys have recorded more hours—without specific descriptions or contemporaneous time logs—than appear to have been reasonable. Most of FirstMerit's filings were short and straightforward. *See, e.g.*, Dkt. 6 (four pages), Dkt. 18 (fourteen pages), and Dkt. 21 (eight pages). The court therefore concludes that a 50% overall reduction to FirstMerit's itemization is necessary to provide recovery for a reasonable fee in this case. FirstMerit is entitled to $400 in costs and $22,601.00 in reasonable attorney's fees and the court will enter judgment accordingly.

ORDER

IT IS ORDERED that:

1) Plaintiff FirstMerit Bank is awarded $2,377,265.75 for the past due principal, interest, and late charges on the loans guaranteed by the defendants, consistent with the opinion above;

2) Plaintiff is awarded per diem interest of $622.18 per day on the past due amounts, consistent with the opinion above;

3) Plaintiff is awarded its reasonable attorney's fees and costs in the amount of $23,001.00, consistent with the opinion above; and

---

[1] In a footnote, FirstMerit offered to supplement its submissions at the court's request. Dkt. 34, at 2 n.1. The court's June 17th Order, however, gave FirstMerit a deadline for submitting its fee itemization, not a deadline for submitting an offer to provide its fee itemization.

4) The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 17th day of July, 2014.

                                            BY THE COURT:
                                            /s/
                                            JAMES D. PETERSON
                                            District Judge